### EICKELBERG V. SOPER.

1.   Where one, about to buy real estate, against which various judgments appear of record to be liens, applies to the attorney who procured and still has charge of such judgments, for information as to which, if any, of such judgments are unpaid and existing liens, fully informing him at the time of the object of such inquiry, and that he would not buy until all of such judgment liens were discharged, he may, having no knowledge to the contrary, as against such attorney, rely and act upon specific information given him by the attorney in reply to such inquiry.

2.   And where, being told by such attorney that all of said judgments were paid but one, he pays that, completes his purchase, and takes his deed, believing and relying upon such information, his title thus acquired will not be defeated, in favor of such attorney, by a subsequent execution sale on a judgment which he so represented to be paid, but which in fact was not.

3.   If he made such misrepresentation innocently, it was his duty, when he discovered his mistake, knowing that the purchaser was relying upon the same, to inform him, so that he might protect his property against the execution sale, but such attorney becoming the purchaser him-

self at such execution sale, he is estopped from asserting his title so obtained against such purchaser and owner.

4. Where the equities of a case are plainly apparent, the general rule that no estoppel can be grounded upon a misstatement of facts appearing of record, equally open to both parties, is not so inflexible as to prevent the court from declaring and administering such equities.

(Syllabus by the Court.   Argued Oct 15, 1890.   Opinion filed Feb. 7, 1891.)

Appeal from circuit court, Lake county.   HON. FRANK R. AIKENS, Judge.

Action to set aside and cancel a judgment and to annul and set aside a sheriff's deed, and for general equitable relief.  Judgment for plaintiff.   Defendant appeals.   Affirmed.

The facts and nature of the proceedings are fully stated in the opinion.

*McMartin & Carland,* for appellant.

Upon the question of what elements constitute an equitable estoppel, appellant's counsel cited:  Southern Development Co. v. Silva, 125 U. S. 247; Bigelow Est. p. 552; Wright's Appeal, 99 Pa. St. 425; Pittsburg v. Danforth, 56 N. H. 272; 2 Pom. Eq. Juris. § 876.

The single fact that a representation is false raises no presumption of defendant's knowledge of the falsity.   There must be something further to establish defendant's knowledge. Phelps v. Jones, 44 N. W. 543; Allison v. Jack, 76 Ia. 205; Barnett v. Stanton, 2 Ala. 181; McDonald v. Trafton, 15 Me. 225.   There is no evidence that the plaintiff relied upon the defendant's statement in actual or permissible ignorance of its truth.   A party will not be held permissively ignorant of a fact concerning which he had opportunity of informing himself.   2 Pom. Eq. Jur. § 892 *et seq*; Wyman v. Wilmarth, 1 S. D. 35; Cobb v. Wright, 44 N. W. 662.

*Palmer & Rogde,* for respondent.

The acts of the defendant were such as estop him in equity from taking and enjoying the rights of a purchaser of this property.   1 Story's Eq. Juris. § 190; Smith v. Richards, 13 Pet. 42. Bigelow on Est. pp. 475, 496, 500, 553; Kerr on Fraud and Mistake, 67.   The judgment of the lower court that the deed

should be set aside and vacated should be affirmed.   1 Story's Eq. Juris. §§ 694, 439; Martin v. Graves, 5 Allen, 601; Town of Glastonbury v. Adm'r, 44 Vt. 450.

KELLAM, J.   This is an equitable action, brought upon the following alleged facts:   In December, 1887, one Severson was the owner of a certain lot in the city of Madison in said Lake county, which respondent desired to purchase.   While negotiations to that end were pending, respondent learned that there were outstanding and unsatisfied of record various judgments in favor of the Hoosier Drill Company against said Severson, procured by appellant, Soper, as attorney for said company. That for the purpose of ascertaining which of said judgments, if any, were really unpaid and of paying such if any as were not paid, respondent, in company with said Severson, applied to said appellant, Soper, as such attorney, and imformed him of his intention to buy said lot, and inquired of him concerning any unpaid judgments of said Hoosier Drill Company against Severson, at the same time telling him that he would not buy said lot until all of said judgments were paid and discharged; whereupon, in answer to such inquiries, appellant, Soper, expressly stated to respondent that all of said judgments were fully paid, except one against one Davies and said Severson, amounting to about $37, and that, if that were paid, the said Hoosier Drill Company would have no lien or claim by judgment or otherwise against said Severson or against said lot.   That, relying upon said statement and representation, he then and there paid the said Davies judgment to said appellant, Soper.   That said representations were, to the knowledge of said Soper, false and untrue, and were made by him with a fraudulent intent.   That in fact, as was well known to said Soper, and fraudulently concealed by him from said respondent, the said Hoosier Drill Company then had another unpaid judgment against said Severson and one Burk, obtained by said Soper, as said attorney, which was a lien upon said lot.   That, relying upon the truth of said Soper's representations, the respondent, having paid the said Davies judgment, completed his purchase of said lot, and took a deed therefor

from said Severson. That shortly thereafter said appellant Soper procured to be issued an execution upon the said Burk judgment, and caused said lot to be levied upon thereunder and sold. That appellant purchased the same at said sale for the sum of $41.75, the fair market value of which was then $1,800. That respondent, afterwards learning that said lot had been so sold at execution sale, applied to said appellant, Soper, to ascertain when the time for redeeming the same from such sale would expire, and was then informed by said Soper that such time would expire on the 10th day of June, 1889, when in fact such time would and did expire on the 2d day of June, 1889, and said Soper then well knew. That on or about the 5th or 6th day of June, relying upon said Soper's statements as to the time when his right to redeem would expire, respondent desired and attempted to so redeem, and tendered to said Soper and to the sheriff of said county the sum required for such purpose, which was refused by them, said Soper having taken a sheriff's deed therefor on the 4th day of June. Upon these alleged facts the complaint asked that said sheriff's deed to appellant, Soper, be canceled; that the Burk judgment be declared to be no lien on said lot; that, if said lot cannot be returned to respondent free from cloud on account of said sheriff's deed, plaintiff (now respondent) have judgment against defendant (now appellant) for the sum of $1,800, and for general relief. The answer denies every allegation of the complaint, except the purchase of the lot by respondent Severson, and the obtaining of the judgment in favor of the Hoosier Drill Company against Burk, the issue of the execution, the sale of the lot thereunder to appellant, and the taking of the sheriff's deed therefor at the expiration of the time for redemption; but denies that he obtained said judgment, execution sale, and deed, or any of them, by any fraud or misrepresentation whatever; alleges that he bought said lot in good faith, and that the sale thereof was duly confirmed by the court on the 5th day of June, 1888; that respondent had due notice of the sale, and that appellant was the purchaser, but never made any attempt to redeem within the year prescribed by law.

The court made and filed its findings of fact and conclusions of law. Appellant moved to set aside the same, and for a new trial. The motion was denied, and judgment entered adjudging and decreeing that said appellant. Soper, take nothing by virtue of his purchase at execution sale or by sheriff's deed thereunder, and declaring said deed to be null and void, and further providing for a reconveyance to said appellant, from which judgment this appeal is taken.

There is but one general question in the case, and that is, is the evidence such as to estop appellant, Soper, in equity from taking and enjoying the rights of a purchaser of this lot under the execution sale on the Burk judgment, as against respondent Eickelberg? It is assigned as error, but not argued, that the court found that Soper was the attorney of the Hoosier Drill Company up to and at the time of the alleged purchase of the lot. In the complaint it is alleged that Soper, as attorney for said company, obtained these various judgments against Severson, including the Burk judgment. The answer, while denying generally, admits the obtaining of the Burk judgment, but denies that he obtained it fraudulently only. The evidence upon the point of Soper's relation to these judgments is not explicit, but does plainly show that he was recognized by all parties as the attorney in charge of these claims, who knew their amounts and condition, and to whom they might be paid. He determined and received the amount required to cancel the Davies judgment. Against this evidence in part of his own acts, he can hardly ask us to reverse this finding. To constitute an equitable estoppel there must be (1) a false representation or a concealment of material facts; (2) the representation must have been made with knowledge of the facts; (3) the party to whom it was made must have been ignorant, actually and permissibly, of the truth of the matter; (4) it must have been made with the intention that the other party should act upon it; and (5) the other party must have been induced to act upon it. Bigelow, Estop. (5th Ed.) p. 570. Substantially the same rule, more briefly stated, was laid down by BRONSON, J., in the case of Dezell v. Odell, 3 Hill, 215, and

adopted by the supreme court of Dakota Territory in Parliman v. Young, 2 Dak. 175, 4 N. W. Rep. 139, 711. To establish an estoppel *in pais* it must be shown (1) that the person sought to be estopped has made an admission, or done an act, with the intention of influencing the conduct of another, or that he had reason to believe would influence his conduct, inconsistent with the evidence he proposed to give or the title he proposes to set up; (2) that the other party has acted upon, or has been influenced by, said act; (3) that the party will be prejudiced by allowing the truth of the admission or representation to be disproved. Tested by either of these formulas, the evidence supports the finding of estoppel. If Soper was the attorney in charge of these judgments, (and, as intimated, we are satis-fied with this finding,) he was the proper and best qualified party for plaintiff to apply to for the purpose of ascertaining which, if any, were unpaid. He could not depend upon the records, for such as were actually paid, although undischarged of record, could not be charged against the lot, and for this reason this is not a case where the means of information are equally accessible to both parties. Soper was fully informed as to why plaintiff wanted this information, and must have known that it would be and was accepted by plaintiff as true, and acted upon accordingly, for, being told that all the judgments were paid but one, he paid that to Soper. Appellant, however, suggests that it is not affirmatively shown that Soper then knew of the existence of the Burk judgment. Having procured the judgment as substantially admitted in his answer, we think he is chargeable with such knowledge, without further proof; but, if not, it is evident he soon afterwards was in possession of such information, and, knowing that respondent was still relying upon his former statement to him, and acting upon it, it was incumbent on him to at once notify respondent of his mistake. Nothing short of this would have met the demands of that good faith upon which the doctrine of equitable estoppel is built. Refusing or deliberately neglecting to do this, he placed himself under the shadow of that venerable rule in equity, that where a man has

been silent when in conscience he ought to have spoken, he shall be debarred from speaking when conscience requires him to be silent.    But the evidence shows that several months before the expiration of the year within which respondent might redeem the lot from the execution sale under the Burk judgment, respondent procured an abstract of title, from which he might have learned the true date of this expiration; and appellant contends that he could not thereafter innocently rely upon Soper's statement that such time expired June 10th.    The appellant is not without support in his insistence that the general rule is that a party will not be held permissively ignorant of a fact concerning which he had ample and convenient opportunity of informing himself, as by public records, etc.; but we apprehend that, however well established this may be as a general proposition, its application and effect will be in great degree controlled by the facts in each individual case.    An eminent text-writer says: "In many and most instances, whether the act or omission shall operate as an estoppel or not must depend on the circumstances of the case, though there are some general rules which may materially assist in the examination of such cases."    2 Herm. Estop. p. 876.    In this case respondent testifies that this was the first real estate transaction of his life; that he did not know what was in the abstract, and would not have understood it if he had examined it; and that he did rely on what Soper told him as to the time when the redemption year would expire.    And we think he had a right to do so, even though he might by inquiry have ascertained that Soper was either mistaken or was misleading him.    It was a fact of which Soper, both as attorney for the judgment creditor and as purchaser at the execution sale, would be supposed to have accurate knowledge.    When respondent applied to him for that particular information, and received a specific answer, he was not obliged to inquire further.    As against Soper himself he might rely upon it.    "It is well settled that a clear and positive representation of fact may be acted upon, though the person to whom it was made had ample means of knowing the fact."    Bigelow Estop. (5th Ed.) 627.    In Kiefer

v. Rogers, 19 Minn. 32, (Gil. 14,) one of the questions was whether defendant should be allowed to show the existence of a mortgage, against his representation that there was none, upon which plaintiff relied, instead of consulting the records, where he would have found the mortgage recorded. The court says: "The defendant contends that, as the records were open to plaintiff, and he had an opportunity to examine the title before purchasing, it was his duty to do so; and, he not having done so, the rule *caveat emptor* applies. But since the defendant chose to substitute his own unqualified assertion that no such mortgage existed, it does not lie in his mouth to say that it was plaintiff's own folly to believe him, instead of going to Stillwater to ascertain whether or not he was stating the truth " The same doctrine was announced and applied in Mead v. Bunn, 32 N. Y. 280. See, also, Campbell v. Frankem, 65 Ind. 595; Pearson v. Douglass, 1 Baxt. 151. Where the equities of a case are plainly apparent, the courts have never regarded the general rule contended for by appellant as so inflexible as to prevent a fair administration of such equities. We think the evidence sufficiently proves all the essential constituents of an equitable estoppel, and that, respondent having in good faith and before the expiration of the time for redemption as stated and represented to him by appellant, Soper, attempted to redeem, and tendered his money for that purpose, appellant is estopped from interposing his deed, for as against respondent he was not entitled to such deed until the expiration of the 10th day of June. See Peason v. Douglass, *supra*. The judgment of the circuit court is affirmed; all the judges concurring.