## McLENNON V. FENNER *et al.*

1. Under Code Civ. Proc. § 200, providing that damages occasioned by an improvident injunction may be ascertained by reference or otherwise, as the court shall direct, the assessment of damages in the action in which the injunction is issued is discretionary with the trial court, and is a remedy for the benefit of the defendant in that action, which he may waive, and sue on the injunction bond.

2. Failure of defendant in injunction to plead and offer evidence of the damages occasioned by the improvident issuance of the injunction, does not estop him from maintaining a suit for damages on the injunction bond.

3. A decree dissolving a temporary injunction is not res judicata in a subsequent action against the surety on the injunction bond for the' damages occasioned by the improvident issuance of the injunction, neither parties nor subject-matter being identical.

4. Where an injunction restrained the owner of premises from leasing or transferring them or bringing an action to recover possession, the money which the owner was required to· expend in repairing waste done or permitted during the pendency of the injunction, the rental value of the property for that time, and reasonable attorney's fees were proper elements of damages in an action on the bond for improvident issuance of the injunction.

5. A certificate of the trial judge that an exception is deemed to be taken to each of his rulings without the formality of an exception is insufficient to present such rulings for review, unless the exceptions are incorporated in the bill of exceptions.

.... (Opinion filed July 6, 1905.)

Appeal from circuit court, Fall River county; Hon  Levi McGee. Judge.

Action by Amos N. McLennon against William A. Fenner and another. From a judgment for plaintiff, the American Bonding & Trust Company, defendant, appeals. Affirmed.

*Fred H. Whitfield,* for appellant.

*S. E. Wilson* and *D. F. Calfee,* for respondent.

Fuller, J.   In an action by the defendant Fenner to perpetually restrain plaintiff from leasing, transferring, or bringing an action to recover possession of the Palace Hotel and fixtures, which the latter owned in the city of Hot Springs, a temporary injunction was granted, and afterwards dissolved at the trial, where all the issues were determined in favor of the defendant McLennon, who thereupon instituted this action on the bond to recover damages sustained by the improvident injunction; but Fenner, who was not served with process, made no appearance, and this appeal is by the American Bonding & Trust Company from a judgment fixing its liability as surety at $825, and from an order overruling a motion for a new trial.

For a reversal of the judgment and order thus presented it is urged that the damages sustained by reason of the injunc tion must be assessed before an action on the bond is maintainable, and that the judgment in the former case of Fenner v. McLennon is res judicata.   Apparently mindful of the fact that the principal may or may not be financially able to promptly respond in damages, and that his sureties on the bond must have their day in court, a considerate Legislature has left much to judicial discretion with reference to such con-

tingencies by the enactment of section 200 of the Code of Civil Procedure, which relates to the point in view, and provides that "the damages may be ascertained by a reference, or otherwise, as the court shall direct." An examination of all accessible statutes, upon which many of the decisions relied upon by counsel for appellant are predicated, discloses the imperative requirement that the damages shall or must be assessed upon the dissolution of the injunction in the action instituted for its procurement, and we find no cases holding that such an action on the bond is not maintainable under a statute similar to the provision above quoted. Manifestly, the right to have the damages sustained by the improvident issuance of an injunction assessed in the action brought to procure the same is discretionary with the trial court, and a remedy which may be waived without prejudice to an action upon the bond by the party enjoined and for whose benefit the statute was apparently intended. In construing an identical provision in Hayden v. Keith, 32 Minn. 277, 20 N. W. 195, it is held that such damages may be assessed in the same action or by suit upon the bond. and the court says: "The parties signing the bond contract with reference to the statute, which provides the manner in which the damages may be ascertained. They are therefore bound by it as a part of the contract. But we do not think that this remedy ought to be held exclusive, and, whatever may have been the chancery rule, we see no good reason why the parties may not waive this method of assessing the damages, and have the same ascertained directly in the suit upon the bond." Nor is there any merit in the contention that respondent is limited by the recovery of costs in the former action by reason of the fact that the dam-

ages herein recovered were alleged in his former answer by way of counterclaim, but no evidence thereunder was introduced, and which, according to the stipulation of the parties, was eliminated therefrom, as follows: " 'The defendant now dismisses the cause of action alleged in the counterclaim in the eighth paragraph of the answer with reference to any damages.' Which withdrawal was allowed by the court, the same being the damages and the whole thereof claimed by the defendant in said former suit (McLennon plaintiff in this suit) on account of Fenner's wrongful withholding said property as set out in the eighth paragraph of said answer, being the damages covered by the bond in this action." Assuming, as a general proposition of law, that such damages existed, and are available as a counterclaim to Fenner's alleged cause of action, the failure to plead and offer proof thereof would not estop respondent from maintaining this suit on the bond for damages sustained by reason of the injunction. Shankle v. Whitley, 42 S. E. 574. As appellant was not a party to the action in equity for an injunction, instituted by Fenner, who has not been called upon to answer respondent's complaint in this action at law for damages, there is neither identity of persons nor subject matter, and the decree dissolving the temporary injunction by which respondent herein was restrained from occupying his own premises is not res judicata. This conclusion is justified by the following authorities: Turner v. Williams, 17 S. D 548, 97 N. W. 842; Selbie v. Graham, 18 S. D. 365, 100 N. W. 755; Cromwell v. County, 94 U. S. 351. It is said in Bouvier's Law Dictionary that: "In order to make a matter res judicata, there must be the concurrence of the four conditions following: (1) Identity in the thing sued for; (2) Identity of the cause of

action; (3) Identity of the persons and parties to the action; (4) Identity of the quality in the person for or against whom the claim is made." The money which respondent was required to expend in repairing waste done or permitted by Fenner during his unwarranted occupancy, of the premises, and the rental value of such property, together with reasonable attorney's fees, being clearly within the proximate consequences of the injunction, there is no merit in the contention that the true measure of damages was not employed, and the verdict for but little more than one-half the amount named in the bond is amply sustained by competent evidence. In Neilson v. City of Albert Lea, 87 Minn. 285, 91 N. W. 1113, the court say: "In a suit upon a statutory injunction bond, where the bond is predicated upon a preliminary injunction issued in a cause the purpose of which was to enjoin defendants from prosecuting certain actions, counsel fees and the necessary expenses incurred in an unsuccessful effort to dissolve the injunction and in conducting the main action may be recovered upon final dissolution of the injunction." As the certificate of the trial judge to the effect that an exception is deemed to be taken to each of his rulings without the formality of an exception is insufficient unless such exceptions are incorporated into the bill of exceptions, appellant, as a matter of legal right, was not entitled to a consideration of the foregoing questions, but, under the view taken of the case, respondent is not prejudiced by their determination.

From a careful study of the entire record, we are satisfied that no error occurred at the trial, and the judgment appealed from is affirmed.