C. SHENKBERG COMPANY, Respondent, v. MALOY, Appellant.

(147 N. W. 286.)

1. **Judgment—Service on Wrong Person—Promise to Pay Judgment —Findings—Sufficiency of Evidence.**

Evidence, in an action upon a domestic judgment, held, insufficient to support findings that plaintiff recovered the judgment against defendant, another of similar name having been named defendant and served with summons, and that defendant, after being fully informed relative to entry of the judgment, promised to pay it.

2. **Judgment—Action on Judgment—Service on Wrong Person—Defense—Estoppel.**

In an action against "Maggie" Maloy on a judgment against "Margaret" Maloy—a name which by mistake was used instead of that of the intended defendant, "Maggie" Maloy,—service of summons being made on "Margaret" Maloy, held, that "Maggie" Maloy was not estopped from questioning the validity of the judgment as against her, (the original debt being barred by limitations,) because she did not inform sheriff at time of levy on her property, that no summons was served on her, nor move to set the judgment aside after learning about it, and did not appear and resist plaintiff's application to sue on the judgment, as she was under no legal obligation to point

out her adversary's mistake, did not appear to have concealed any material fact from sheriff, and was not bound to resist said application on a ground which she was entitled to have submitted to a jury.

(Opinion filed May 18, 1914.)

Appeal from Circuit Court, Yankton County. Hon. ROBERT B. TRIPP, Judge.

Action on a judgment by the C. Shenkberg Company against Maggie Maloy. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*C. J. B. Harris,* and *French & Orvis,* for Appellant.

The court erred in finding that plaintiff recovered a judgment in an action wherein the defendant herein was defendant; there was no evidence that this defendant was the defendant in said action.

There was no evidence that Maggie Maloy ever promised to pay said judgment.

The court erred in its conclusion "that the defendant herein, Maggie Maloy, is now estopped from questioning the validity of the said original judgment entered herein against her under the name of Margaret Maloy," in that the findings of fact are not sufficient upon which to base said conclusion of law.

By reason of the mistake Maggie Maloy was not sued and no judgment was rendered against her, and as before pointed out, she had no knowledge so far as this record shows, that C. Shenkberg Co. had ever attempted to sue her or had contemplated doing so until in March, 1903, more than four years after the action was commenced and a judgment rendered against another person by the name of Margaret Maloy. There is no evidence that defendant ever did anything which has misled plaintiff, or caused it to lose its right of action against her, and she is not estopped under any facts proven. 16 Cyc. 759, 726; 16 Cyc. 744-746, and notes.

*Harry Kunkle,* for Respondent.

The conclusion of the trial court that the defendant " is now estopped from questioning the validity of said original judgment" is amply warranted by the undisputed evidence and the law applicable in such case. With this knowledge of the judgment all those years and during the repeated efforts to collect it from her, she never suggested that her name was "Maggie" and that they did not serve her, the right party in the action on the claim against

her.  She never questioned the judgment, even to the officers. Where silence has the effect to mislead a party, to his disadvantage, and to the other party's advantage, it is an equitable estoppel, and passive acquiesence estops equally with active interference. 2 Pars. Cont. 794.    See also Mitchell v. Reed, 9 Cal. 204; Loughran v. Gorman (Ill.) 99 N. E. 886; Davis v. Rammage (Ky.) 65 S. W. 340; Meisler v. Birney 24 (Mich.) 435; Palmer v. Welch, (Mo.) 154 S. W. 433; Rothschild v. Title G. and T. Company, (N. Y.) 97 N. E. 879; Eickelberg v. Soper 1 S. D. 563; Tolerton & S. Co. v. Casperson, 7 id 206; Wampol v. Kountz 14 id 334; Bailey v Wright, 21 id, 349; Kenny v. McKenzie 25 id 485.    The findings are based upon sufficient proof.

POLLEY, J.   The record in on appeal presents a novel situation.   The defendant, "Maggie" Maloy, was the owner of real property in Yankton County, title to which stood in her name as "Maggie" Maloy.   On a piece of land cornering upon said tract resided another woman, by the name of "Margaret" Maloy. In December, 1898, plaintiff, claiming an indebtedness in its favor against defendant, undertook to put said claim into judgment, but instead of naming Maggie Maloy as defendant, it named "Margaret" Maloy, and served the summons in that action on "Margaret" Maloy.   Judgment was entered in said action, on the 19th day of January, 1899.   Some time in 1903, execution was issued thereon and a levy was made upon defendant's property, notice of sale was published and an appraisment of the property levied upon—which was a homestead—was made, but no sale ever took place.   About the time of the issuance of said execution, some negotiations took place between the defendant in this action and the sheriff of the county, and, at a later date, between the respective attorneys representing plaintiff and defendant, relative to the payment of said judgment; but no part thereof was ever paid. No further effort appears to have been made to collect the judgment, and, on the 24th day of January, 1910, plaintiff applied to the court for leave to sue upon said judgment.   Notice of this application was personally served upon the defendant, but she made no appearance of any kind.   The application was granted, and this action was immediately commenced.   In its complaint, plaintiff pleaded the entry of judgment in January, 1899, as above stated, and alleged that no part thereof had ever been paid.   De-

fendant, in her answer, alleged that no summons or complaint had ever been served on her in said action and that no judgment had ever been entered against her in favor of the plaintiff. The case was tried to the court, without a jury, and, at the close of the trial, the court made and filed findings of fact and conclusions of law. The court found, as a matter of law, that on the 19th day of January, 1899, the plaintiff recovered a judgment against the defendant; that the true name of the party against whom plaintiff had its claim and against whom it intended to procure a judgment was "Maggie" Maloy, and not "Margaret" Maloy, but that the summons in that action was served upon Margaret Maloy, and not upon Maggie Maloy; that, after being fully informed relative to the entry of said judgment, defendant had promised to pay the same; that she had never made any application to have said judgment set aside, and that the cause of action on which said judgment was rendered had been barred by the statutes of limitations prior to the commencement of this action. Upon said findings the court concluded, as a matter of law, that the defendant is estopped from questioning the validity of the original judgment and that plaintiff is entitled to judgment herein. Judgment was entered accordingly, and defendant's motion for a new trial having been overruled, she brings the case here on appeal.

Appellant's right to maintain this appeal because not taken within the time prescribed by law is questioned by respondent, and a considerable portion of its printed brief is devoted to this question. But this matter was disposed of by this court upon a motion made by respondent to dismiss the appeal, and it will receive no further notice.

[1] It is contended by appellant that there is no evidence to support the finding of fact that plaintiff recovered a judgment against defendant. In this contention, appellant is right. No judgment was ever entered against this defendant. In the action referred to, she was not named as defendant, the summons was not served on her and there is nothing in the record to show that she had any knowledge that any such action had been commenced for more than four years after the entry of judgment therein. The judgment was not against defendant, at all, but appears to have been a perfectly good and valid judgment against an entirely different person.

Neither is there any evidence to support the finding that the defendant, after being "fully informed" relative to the entry of the judgment, promised to pay it. This finding is based upon a conversation testified to by the sheriff, at the time he went to defendant's place with an execution, in March, 1903. He did not "fully inform" defendant as to the judgment because he told her that the judgment was against her—which he no doubt fully believed and which she also appears to have believed at that time; and what she said to the sheriff seems to have been said in view of the belief that there was a valid judgment against her. But what she said to the sheriff falls far short of a promise to pay the judgment. His testimony is that, when he told her that he had an execution and that if she did not pay the judgment he would have to make a levy:

"Mrs. Maloy told me that she did not have any money; that she would like to pay it, but she couldn't."

This is far short of a promise to pay the judgment. It may amount to an admission that there was an indebtedness due from her to plaintiff, but it is not a promise to pay nor even an intimation that she ever intended to pay.

[2] With these findings of fact disposed of, there is little left in the records upon which to base the court's conclusion of law that:

"Maggie Maloy is now estopped from questioning the validity of the original judgment entered herein against her under the name of Margaret Maloy."

This conclusion must be supported, if at all, by the three remaining facts that appear from the record; First, that the defendant did not inform the sheriff, when he told her that he had an execution against her, that no summons had ever been served upon her; second, that she did not, after learning that a judgment had been entered, move to have the judgment set aside; and, third, that she did not appear and resist plaintiff's application for leave to sue upon the judgment. This court, in Eickelberg v. Soper, 1 S. D. 563, 47 N. W. 953, enumerated the various steps necessary to constitute an estoppel as follows:

"To constitute an equitable estoppel there must be (1) a false representation or a concealment of material facts; (2) the representation must have been made with knowledge of the facts; (3) the party to whom it was made must have been ignorant, actually

and permissibly, of the truth of the matter; (4) it must have been made with the intention that the other party should act upon it; and (5) the other party must have been induced to act upon it," citing Bigelow, Estop. (5 Ed.) p. 570. Tested by this rule, has defendant done, or omitted to do, any act that should now prevent her from saying that the judgment was entered against Margaret Maloy, on the 19th day of January, 1899, is not binding upon her? We think not. In the first place, we know of no legal obligation resting upon her to point out the mistakes of her adversary; in the second place, it does not appear that she, intentionally, concealed any material fact from the sheriff when she learned that he had an execution against her. It does not appear that, at that time, she knew that she was not the defendant that was named in the action, or that it was necessary that a summons should be served upon her in order to procure a valid judgment against her.

Her failure to move to set aside the judgment constitutes no ground for an estoppel. She was not the party named as defendant in that action, had never been served with a summons, and the judgment entered therein was not a lien against her property. No reason is shown why she should have appeared in an action to which she was not a party and in the result of which she had no interest; neither was she under obligations to appear and resist plaintiff's application for leave to sue. The only reason she could have urged at that hearing why suit should not be commenced upon the judgment in question was the fact constituting the defense set up in her answer in this case. Her defense was that no judgment had ever been entered against her. This defense presented an issue of fact that she had a right to have tried by a jury and that she could not, in any event, be required to submit to the court upon affidavits in an application for leave to sue upon a judgment. The fact that the defendant stipulated to try the action to the court without a jury in nowise affected her rights in the matter.

What has already been said disposes of the finding of fact that the cause of action on which said judgment was rendered had been barred by the statute of limitations prior to the commencement of this action. The defendant was in no wise responsible for plaintiff's mistake in naming and serving the wrong party as defendant in that action; neither did she, by any act or omis-

sion on her part, prevent the plaintiff from taking steps to enforce its claim within the time allowed by the statute of limitations. In fact, for aught that appears from this record, the cause of action sued upon in the original action may have been barred by the statute of limitations before the plaintiff ever received any knowledge or information that that action had been commenced. This leads to the conclusion that the court erred in denying defendant's motion for a new trial, and the judgment and order appealed from are reversed.

WHITING, J.   I concur in the result reached in the foregoing opinion, but prefer to base my concurrence solely upon the ground that it does not appear but that the statute of limitation had run against the original claim at the time appellant first learned of this judgment.