SMITH, Superintendent of Banks, et al, Appellants, v.
LYLE, Respondent.

(223 N. W. 318.)

(File No. 6742. Opinion filed February 2, 1929.)

*T. B. Thorson,* of Pierre, *J. H. Lammers,* of Wessington Springs, *Roy E. Willy,* of Sioux Falls, and *Null & Royhl,* of Huron, for Appellants.

*E. E. Wagner* and *Florence M. Ryan,* both of Mitchell, for Respondent.

BROWN, J. The superintendent of banks appeals from a judgment in favor of defendant in an action brought against E. C. Lyle on an alleged liability as a bank director for excessive loans made by the bank while he was a director.

While the action was pending, Lyle died and his administrator was substituted, and is respondent on this appeal.

On a showing that due notice to creditors was given, that the time within which claims against the estate might be presented has expired, and that no claim has been presented for any of the demands involved in this action, respondent moves to dismiss the appeal, for the reason that, the claim not having been presented, no recovery can in any event be had in the action, and therefore all questions raised by the appeal have become moot.

Appellant concedes the fact that no claim was presented, but contends that the effect of the omission cannot be determined in a summary manner on motion to dismiss the appeal. He says that there are many things, such as the validity of the appointment and qualification of the administrator, the legal sufficiency of the notice to creditors, and questions of waiver or estoppel, all of which are involved in the ultimate question as to whether or not failure to present the claim will defeat the action. We think appellant is right in this contention.

The principal jurisdiction of the Supreme Court is appellate only, and, while the Constitution (art. 5, § 2) gives it "general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law," such control cannot ordinarily be exercised to prevent a trial of a controverted issue by a prima facie showing on the part of an appellant that the action has become moot by reason of some omission on the part of the opposite party. See People's Home Sav. Bank v. Sadler, 1 Cal. App. 189, 81 P. 1029.

█ Rev. Code, § 3399, provides that, if an action is pending against a decedent at the time of his death, the plaintiff must present his claim to the executor or administrator, and no recovery shall be had in the action unless proof be made of such presentation. Appellant contends that not only may the necessity of such presentation be waived and the questions already suggested be involved, but says that this court, in Hart v. Bjerke, 34 S. D. 558, 149 N. W. 423, has held that the requirement of presentation of claims under this section is only for the purpose of calling the litigation to the attention of the executor, and that where the executor takes affirmative proceedings relative to the claim, which he contends has been done in this case by offers of settlement and statements in the return to the inheritance tax commission, the reasons for the presentation of the claim do not exist, and therefore failure to make the presentation should not prevent recovery in the action, if the plaintiff is otherwise entitled to recover. The case of Coleman v. Bowles, 72 Okl. 313, 181 P. 304, involving the construction of a statute similar to ours, gives some support to this view, and, without at this time intending to express any opinion on this point, we think the case should not be disposed of on a summary motion to dismiss the appeal, and the motion is therefore denied.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.