THE CITY OF BROOKINGS, SOUTH DAKOTA, Appellant, v. MARTINSON, Respondent.

(246 N. W. 916.)

(File No. 7337.  Opinion filed February 21, 1933.)

*Herbert E. Cheever* and *Walter M. Cheever,* both of Brookings, for Appellant.

*B. H. Schaphorst,* of Brookings, for Respondent.

POLLEY, J. This action was brought to enjoin the defendant from the erection and operation of a filling station in a district of the city of Brookings that had been set aside for residential purposes only. The trial court held that the ordinance under which the action was brought was invalid and ineffective as a zoning ordinance, and dismissed the action. From this judgment, plaintiff appeals.

By chapter 176, Laws 1927, the governing bodies of municipal corporations were authorized to district cities and towns and prescribe the size and character of buildings, and the purposes for which such buildings might be used in such districts. This was to be accomplished by the adoption of a resolution for that purpose. Section 4 of said chapter provides that a resolution prescribing the districts and restrictions shall be proposed to the governing body of the municipality. Such resolution which must specify a time when a hearing may be had thereon, shall be published in the official newspaper of the municipality once a week for three successive weeks. At the time provided for such hearing, all interested parties shall be given a "full, fair and complete hearing." If adopted, and no objections are filed as provided by said section, said resolution will go into effect twenty days after such adoption, without further publication. This statute was approved on the 11th day of March, 1927, and went into effect on the 1st day of July of said year.

■ By chapter 18, of the Special Session of 1927, section 4 of chapter 176, Laws 1927, was amended to read as follows: " * * * Such proposed districts and restrictions shall be definitely set forth in a proposed ordinance. Such ordinance proposing such boundaries and restrictions shall be 'adopted as other ordinances, except that the City Auditor or Town Clerk of said municipality shall cause to be published in the official newspaper once a week for three (3) successive weeks prior to the date of the adoption of the ordinance, a notice of the time and place when and where such ordinance, will be brought up for adoption. At the time and place set for the adoption of said ordinance all persons interested shall be given a full, fair and complete hearing and the governing body may refuse or adopt, with or without amendment, such ordinance. If such ordinance be adopted the same shall be published as other ordinances and shall take effect twenty (20) days after publication, unless the referendum be invoked. * * * "

This statute was approved on the 9th day of July, 1927. During the month of July, 1929, the governing body of the city of Brookings decided to "zone" the city. For some reason, wholly unexplained by the record, the city commission disregarded chapter 18 of the Special Session of 1927, and followed the provisions of section 4 of chapter 176, which had been repealed by chapter 18, Special Session 1927. They proposed a resolution that in all respects appears to comply with the provisions of section 4 of chapter 176, Laws 1927. The notices required by that section were given; the necessary steps for compliance with the provisions of said statute were taken and the resolution was adopted. Such resolution was given but one reading before adoption, and was not published after adoption, as is required in case of the enactment of city ordinances. The said city commission then enacted an ordinance containing the same provisions as are contained in the said resolution. This ordinance was enacted in the manner usual in the enactment of city ordinances. No notice was given of the time and place for a hearing thereon, and no provision was made for such hearing. The result was that said ordinance was not effective as a zoning ordinance.

■ It is the contention of appellant that the resolution above mentioned was, adopted with all the formality of an ordinance,

and should be given the force of an ordinance. In support of this contention appellant cites the following authorities: 19 R. C. L. 895, note 18; 43 C. J. 519, note 82; Steenerson v. Fontaine, 106 Minn. 225, 119 N. W. 400; City of Barre v. Perry & Scribner, 82 Vt. 301, 73 A. 574; Massey v. Bowling Green, 206 Ky. 692, 268 S. W. 348; Swann v. Buck, 40 Miss. 268-293; In re Senate File No. 31, 25 Neb. 864, 41 N. W. 981-984; Hevelone v. City of Beatrice, 120 Neb. 648, 234 N. W. 791. But none of these cases are analogous to the present case, and are not controlling in this case.

"Where the legislature has not prescribed any particular form for an ordinance, the municipal bodies may use any form of expression which suits them, provided it is sufficient to signify their will that the ordinance should exist and indicate the terms of it and the objects to which it applies." 43 C. J. 520.

In this state the Legislature has prescribed a particular form for ordinances. An ordinance is "a permanent legislative act of the governing body of a municipal corporation within the limits of its powers." Section 6242, R. C. 1919. It must be styled, "'An ordinance......[stating its subject],' followed by: 'Be it ordained by the city of......(inserting the name of the municipality),' followed by the substance of the ordinance." Section 6243, R. C. 1919.

"All ordinances shall be read twice with at least one week intervening between the first and second reading, shall be signed by the mayor or acting mayor or president of the board of trustees, filed with the auditor or clerk and published once in the official newspaper of the municipality." Section 6244, R. C. 1919.

And except in cases of emergency an ordinance shall go into effect, "on the twentieth day after its publication unless suspended by operation of the referendum." Section 6246, R. C. 1919. No such formality is required in the case of a resolution. A resolution "shall be interpreted to mean any determination, decision or direction of the governing body of a municipal corporation, of a special or temporary character, for the purpose of initiating, effecting, or carrying out its administrative duties and functions under the laws and ordinances governing the municipality." Section 6250, R. C. 1919.

"A resolution may be passed after one reading and shall be

recorded in the minutes of the meeting at which it is passed, with a statement of the number of votes for and against the same, and shall be published the same as an ordinance." Section 6251, R. C. 1919.

Except in cases of emergency a resolution takes effect "on the twentieth day after its publication unless suspended by operation of a referendum." Section 6252, R. C. 1919.

The statute very clearly differentiates an ordinance from a resolution. The fact that the Legislature changed the method of city zoning from a resolution, as provided for by section 4, c. 176, Laws 1927, within a very few days after that act went into effect, and substituted an ordinance as provided for in chapter 18, Laws Special Session 1927, indicates beyond any doubt that the Legislature intended city zoning should be accomplished by ordinance and not by resolution.

The judgment appealed from is affirmed.

RUDOLPH, P. J., and CAMPBELL, ROBERTS, and WARREN, JJ., concur.