DODDS et al., Appellants v. BICKLE, Respondent

(85 N.W.2d 284)

(File No. 9590. Opinion filed October 7, 1957)

**Smiley & Clark,** Belle Fourche, for Appellants.

**Lem Overpeck,** Belle Fourche, **H. F. Fellows,** Rapid City, for Respondent.

HALL, Circuit Judge. The plaintiffs who owned residential property near the defendant's truck repair shop in Spearfish sought by their action to have defendant perpetually enjoined and restrained from building or continuing to build additions to his truck repair shop and from doing any other act in violation of the zoning ordinance of the City of Spearfish, and to require the defendant to discontinue the repair shop at its present location and remove the garage building located on such premises. A temporary injunction was granted restraining and enjoining defendant from constructing or continuing to build any addition to the existing truck repair shop on such premises pending the final hearing of the action,

and this temporary injunction remained in force until the case was tried and judgment was rendered for the defendant.

The judgment of the circuit court vacated the temporary injunction, denied the permanent injunction sought by the plaintiffs and awarded to the defendant damages in the sum of $1,500 for attorney fees incurred in dissolving the temporary injunction and resisting the application for a permanent injunction.

Plaintiffs appeal from the decision and judgment of the circuit court and base their appeal on 46 assignments of error.

The plaintiffs alleged that they were entitled to the relief sought based on a 1936 zoning ordinance of the City of Spearfish and also a 1943 revision thereof both of which classify as residential zone defendant's lots on which his truck repair shop is located and prohibit a business such as that conducted by the defendant from being operated at such location. The principal issue at the trial of this case was the question as to the validity of these two zoning ordinances, and the trial court decided both ordinances were invalid, illegal, void and without legal existence as zoning ordinances.

On the grounds that the questions involved are now moot, defendant has moved to dismiss that portion of the appeal which relates to the denial of a final injunction. In support of his motion defendant offers affidavits stating Ordinance No. 199 of the City of Spearfish enacted in February 1957, becoming effective April 17, 1957, and still in effect at the time of this motion, placed defendant's property involved in this case in and classified it as a class "C" commercial business district. Under such ordinance the defendant would be permitted to use his property in the class "C" commercial business district for the operation of his truck repair shop and for the building of additions to his shop. It is argued that in view of this ordinance the final injunction demanded by the plaintiffs could not be issued regardless of the outcome of this appeal.

An answering affidavit filed by plaintiff alleges that the actual controversy in this matter is still pending and a very live issue in that Ordinance No. 199 of the City of Spearfish as "Spot Zoning" does not change the matter at issue nor make any portion of plaintiffs' appeal moot.

■ As stated in the decision of City of Plankinton v. Kieffer, 69 S.D. 597, 13 N.W.2d 298, 301:

"This court will not dismiss an appeal upon the ground that the questions involved have become moot unless it appears clearly and convincingly that actual controversy has ceased; it must appear that the only judgment which could be entered would be ineffectual for any purpose and would be an idle act so far as concerns rights involved in the action. Smith v. Lyle, 54 S.D. 385, 223 N.W. 318; State ex rel. Coolsaet v. City of Veblen, 56 S. D. 394, 228 N.W. 802; City of Brookings v. Martinson, 60 S.D. 127, 243 N.W. 915."

It does not appear that defendant has established that a situation exists in this case to warrant the dismissal requested and the motion to dismiss is therefore denied.

■ It is contended by appellants that the trial court erred in holding the 1936 and 1943 zoning ordinances of the City of Spearfish invalid. The defendant attacked the validity of these ordinances on the grounds among others that the municipality failed to publish notice fixing the time and place for the adoption of either the 1936 zoning ordinance or the 1943 revision, and thereby failed to comply with Chapter 18 of the 1927 Special Session (SDC 45.2604). SDC 45.2604 which provides for the method of procedure in adopting zoning ordinances states in part:

"Such ordinance shall be adopted as other ordinances, except that the auditor or clerk shall cause to be published once a week for three successive weeks prior to the date of the adoption of the ordinance, a notice of the time and place when and where such ordinance will be brought up for adoption.

"At the time and place set for the adoption of said ordinance all persons interested shall be given a full, fair, and complete hearing * * *."

The testimony of the city attorney shows that he made an examination of the issues of the official city newspaper and no notice was published therein of the time and place when and where either the 1936 zoning ordinance or the 1943 revision was to be brought up for adoption. The record further shows that the city auditor produced the ordinance book of the city relating to both the 1936 zoning ordinance and the 1943 revision and he testified there is no record of the publication of notice fixing the time and place for the adoption of either the 1936 zoning ordinance or the 1943 revision. Such evidence was sufficient to support the findings of the trial court that such notices were not published in the official newspaper of the city for three successive weeks prior to the date of the adoption of these ordinances.

This court held in City of Brookings v. Martinson, 61 S.D. 168, 246 N.W. 916, that failure to give notice as required by said statute of the time and place when and where a zoning ordinance will be brought up for adoption renders such ordinance ineffective as a zoning ordinance. Following the rule of the Brookings case the trial court properly held that the 1936 zoning ordinance of the City Spearfish was invalid. The 1943 revision of the Ordinances of Spearfish was authorized under SDC 45.1007 and because no provision is contained in SDC 45.1007 for notice to be given of the time, place when and where the ordinance will be brought up for adoption or for hearing on the proposed ordinance, it is contended by appellants that failure to give the notice contemplated by SDC 45.2604 prior to the adoption of the 1943 revised ordinances would not invalidate the zoning ordinance contained in the 1943 revision. Counsel for the respective parties have cited no cases and this court has found none passing upon the question as to whether or not a zoning ordinance can become effective by passage in the revised ordinances of a municipality without the giving of notice and hearing thereon when as in this case the prior zoning ordinance

of the city was invalid for failure to give notice of the time and place when such ordinance would be brought up for adoption.

Chapter 201 of the 1941 Session Laws (SDC Supp. 45.2605) requires that a change in a zoning ordinance can be made only through a proposed ordinance presented to the governing body for adoption in the same manner and upon the same notice as required for the adoption of the original ordinance, and it is apparent that our Legislature contemplated that due process of law requires such notice and an opportunity for interested persons to be heard prior to adoption or change of any zoning ordinance. The effect of holding that a valid zoning ordinance could be passed as a part of a revision of the ordinances of a municipality in this case would be to deprive property owners of the right to be heard concerning the zoning and restrictions on the use of their property, and would defeat the intent of the Legislature evidenced in SDC 45.2604 and SDC Supp. 45.2605. The trial court properly held that the zoning ordinance contained in the 1943 Revision of the Ordinances of Spearfish was invalid for lack of the notice required in SDC 45.2604.

 Appellants contend that respondent was estopped by his actions and conduct to question the validity of the 1936 and 1943 zoning ordinances. The actions and conduct of the defendant on which appellants rely to establish an estoppel consist of applying for and receiving three building permits to construct his truck repair shop at its present location and securing passage of a zoning ordinance referred to by appellants as a "Spot Zoning Ordinance" to exempt from the 1936 and 1943 zoning ordinances the property on which his truck repair shop is located. In First Church of Christ, Scientist, v. Revell, 1942, 68 S.D. 377, 2 N.W.2d 674, 678, this court held that from the aspect of one who asserts equitable estoppel its essential elements are three, viz.,

"(1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped;

and (3) action based thereon of such a character as to change his position prejudicially." See also Eickelberg v. Soper, 1 S.D. 563, 47 N.W. 953; Iowa Guarantee Mortgage Corp. v. General Motors Acceptance Corp., 62 S.D. 18, 250 N.W. 669; Sommers v. Sommers, 27 S.D. 500, 131 N.W. 1091, 36 L.R.A.,N.S., 1024.

These elements are not established by the record, and therefore the defendant was not estopped.

■■■ Appellants assign as error the trial court's permitting the defendant over objection to amend his answer at the close of the testimony to conform to the proof. The defendant amended his answer to allege the 1936 zoning ordinance and the 1943 claimed revision are illegal, invalid and void for reasons set forth in the amendment including the failure to give notice of the time and place when such ordinances would be brought on for adoption. Further assignments of error relate to the trial court permitting evidence to be submitted out of order by the defendant on the question of validity of the ordinances of 1936 and 1943 before that defense in the action was affirmatively pleaded by defendant, and the trial court's refusal to admit in evidence the 1936 and 1943 zoning ordinances when the same were offered by plaintiffs. This case was tried to the court. The order of proof and amendment of pleadings were matters within the sound discretion of the court and the record shows no abuse of such discretion. The zoning ordinances in question were before the court, the case was fully tried, and we find no reversible error in the trial court's rulings on evidence.

■■■ Appellants contend the trial court erred in allowing attorneys fees in the amount of $1,500 as damages. In support of their position appellants direct attention to SDC 33.1802, and state that although this statute provides for certain cases where attorneys fees as costs may be allowed, there is no specific authority in our statutes allowing attorneys fees in cases involving injunctions. The instant case involves attorneys fees allowed as damages resulting from the issuance of a temporary injunction rather than attorney's fees as costs.

The defendant established that he has become obligated for attorneys fees in the amount of $1,500. It further appears that the temporary injunction was dissolved at the conclusion of the trial of this case and the plaintiff's sole or principal purpose in the suit was to obtain a permanent injunction against the defendant. Defendant has not attempted to distinguish between attorneys fees incurred by him in the dissolution of the temporary injunction and the attorneys fees incurred in the trial of of the main suit.

The decisions of the courts of other states concerning the allowance of attorneys fees as damages in cases where a bond has been furnished for the issuance of an interlocutory injunction show a wide divergence of judicial opinion. For a general view of the subject see cases cited in annotations 16 L.R.A.,N.S., 49; 164 A.L.R. 1088 and supplemental decisions.

This court has held that counsel fees expended in procuring a dissolution of a temporary injunction are recoverable in an action upon an injunction undertaking. McLennon v. Fenner, 19 S.D. 492, 104 N.W. 218. In that case, the action was based upon an undertaking filed pursuant to statute (SDC 37.4306) which requires an undertaking conditioned to the effect that the plaintiff will pay to the party enjoined "such damages" as such party may sustain by reason of the interlocutory injunction. In Quarnberg v. City of Chamberlain, 29 S.D. 377, 137 N.W. 405, an action for damages resulting from the issuance of an injunction, this court following the ruling in the Fenner case held that attorney's fees when expended in procuring dissolution of a temporary injunction wrongfully or improvidently issued were recoverable as damages.

It is the general rule that each litigant pays for the services performed by his attorney and in the absence of a special agreement or statutory provision no part thereof except as taxable costs can be recovered from his adversary. SDC 33.1802; see also Jandt v. South, 2 Dak. 46, 47 N.W. 779; Calmenson Clothing Co. v. Kruger, 66 S.D. 224, 281 N.W. 203. Since the undertaking re-

quired under the provisions of SDC 37.4306 indemnifies against damages sustained "by reason of the interlocutory injunction", it creates no liability upon the part of the plaintiff for attorney's fees in defense of the main suit. The statute should not be enlarged by interpretation to include all damages or expenses incurred in the action. If no temporary injunction was issued, the defendant would be required to pay his own attorney's fees in the defense of the main suit, and the plaintiff's furnishing a bond for the issuance of the temporary injunction does not relieve the defendant of that burden.

Attorney's fees allowed as damages in this case should be limited to the reasonable value of such attorney's services as were necessitated by the issuance of the temporary injunction and should not include attorney's fees incurred in the defense of the main suit. In passing on this question this court has carefully considered McLennon v. Fenner cited above and the original abstract and briefs filed therein and any language in that opinion in conflict with this decision is expressly overruled.

Other points are raised by appellants' assignments of error but we find no reversible error therein.

For the reasons above expressed, the judgment of the trial court is affirmed as to all matters except the allowance of attorney's fees and as to the portion relating to attorney's fees the judgment is reversed and remanded for new trial.

SMITH, P.J., and ROBERTS and HANSON, JJ., concur.

HALL, Circuit Judge, sitting for RENTTO, J., disqualified.

BOGUE, J., not sitting.