#27539-aff in pt & rev in pt-JMK
**2016 S.D. 59**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

BRAD WEDEL, HELENE WEDEL, WILLARD
WALLMAN, JEREMY WALLMAN,
KRISTI WALLMAN, BILL HORNIG,
WENDA HORNIG, ROD HORNIG, NATHAN
HORNIG, JIM HORNIG, PATTY HORNIG,
JIM GROSS, PATTY GROSS and ERIC GROSS,          Petitioners and Appellees,

v.

BEADLE COUNTY COMMISSION, BEADLE
COUNTY COMMISSION SITTING AS THE
BEADLE COUNTY BOARD OF ADJUSTMENT,
DENIS DRAKE, RICK BENSON, TOM HANSEN,
LINDA MARCUS, LARRY MATTKE,          Respondents and Appellants,

and

WESTSIDE GILTS RE, LLC,          Respondent.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
BEADLE COUNTY, SOUTH DAKOTA
* * * *

THE HONORABLE JON R. ERICKSON
Judge
* * * *

MITCHELL A. PETERSON
REECE ALMOND of
Davenport, Evans, Hurwitz
  & Smith, LLP
Sioux Falls, South Dakota          Attorneys for petitioners and
                                   appellees.

ZACHARY W. PETERSON of
Richardson, Wyly, Wise
  Sauk & Hieb, LLP
Aberdeen, South Dakota          Attorneys for respondents and
                                appellants.

* * * *

CONSIDERED ON BRIEFS
ON APRIL 25, 2016
OPINION FILED **08/17/16**

#27539

KERN, Justice

[¶1.]     Petitioners appealed the Beadle County Board of Adjustment's decision granting a conditional use permit (CUP) to Westside Gilts RE, LLC (Westside). Petitioners argued that the Board lacked authority to issue the permit because the county zoning ordinances (Ordinances), which authorized the Board to grant the permit, were improperly enacted. The circuit court agreed, reversing the Board's decision and declaring the 2011 Ordinances invalid. The Board appeals. We affirm the court's ruling reversing the Board's decision to grant the CUP. But we reverse the court's order declaring the Ordinances invalid.

## Background

[¶2.]     In March 2014, Westside submitted an application to the Beadle County Planning Commission for a CUP to construct and operate a Class A concentrated animal feeding operation in Beadle County. The Planning Commission held a hearing where citizens raised their objections, but recommended approval of the CUP under a number of conditions. Westside filed an amended application. The Planning Commission did not notify the public of the amendment or give the application further consideration.

[¶3.]     The Beadle County Commission (BCC) held a noticed hearing on the amended application on May 14, 2014. During this hearing, the BCC met as the Beadle County Board of Adjustment (Board). The Board tabled any decision on the amended application until its next meeting on May 29, 2014. At that meeting, the BCC, again sitting as the Board, approved the CUP.

[¶4.] In June 2014, Petitioners[1] filed a petition for a writ of certiorari challenging the decision of the Board[2] pursuant to SDCL 11-2-61. Petitioners alleged that the decision was illegal because the Board was without authority to issue the CUP because, in Petitioners' view, the Ordinances passed in 2011 authorizing the Board to act were improperly adopted. The County failed to validly enact the 2011 Ordinances, according to Petitioners, because the county Planning Commission failed to give full and timely notice of its intention to pass the Ordinances and did not hold a public hearing.

[¶5.] The circuit court, by stipulation of the parties, issued a writ of certiorari pursuant to SDCL 11-2-62 ordering the Board to file a return. In its response, the Board argued that the limited standard of review for writs of certiorari did not allow the circuit court to consider the validity of the Ordinances. Rather, the Board argued that the court's review was limited to whether the Board had jurisdiction over the matter and had regularly pursued its authority. Notably, the Board did not contest the invalidity of the Ordinances, instead arguing that this issue was irrelevant. The court set the matter for hearing on December 29, 2014.

[¶6.] Prior to the hearing, Petitioners filed a motion to consider evidence requesting that the circuit court take judicial notice of minutes from prior meetings

---

1. Petitioners include Brad Wedel, Helene Wedel, Willard Wallman, Jeremy Wallman, Kristi Wallman, Bill Hornig, Wenda Hornig, Rod Hornig, Nathan Hornig, Jim Hornig, Patty Hornig, Jim Gross, Patty Gross, and Eric Gross.

2. Respondents include the Beadle County Commission, sitting as the Beadle County Board of Adjustment, Denis Drake, Rick Benson, Tom Hansen, Linda Marcus, and Larry Mattke.

of the Planning Commission and the BCC during 2011. Petitioners alleged that these minutes were relevant to examine the procedure the Planning Commission and the Board used to pass the zoning Ordinances that granted the Board jurisdiction to approve CUPs. Petitioners argued that the Planning Commission did not follow proper procedures for notice pursuant to SDCL chapter 11-2. The court granted the motion and took judicial notice of the minutes.

[¶7.]       On June 30, 2015, the court issued findings of fact and conclusions of law reversing the Board's decision granting the CUP. The circuit court held that the Ordinances were improperly enacted as the Planning Commission failed to comply with SDCL 11-2-18. This statute required the Planning Commission to hold at least one public hearing on the Ordinances after giving 10-days prior notice by publication before making any recommendation to the Board. The court found that the Planning Commission held a hearing on August 10, 2011, to discuss enactment of the Ordinances. Notice of the hearing was published on August 2 and 3, 2011, which the court held failed to provide the required 10-days prior notice. Further, the court found that the notices were deficient in content as they did not "advise the public that the Ordinances were going to be voted upon or considered on August 10, 2011." At the conclusion of the meeting, the Planning Commission voted to recommend approval of the ordinances to the Board.

[¶8.]       In light of these findings, the court held that the Planning Commission did not observe the due process protections codified in SDCL chapter 11-2. Accordingly, the court ruled that the Board failed to "regularly pursue its authority." In reversing the Board's decision granting the permit, the court noted

that the "Beadle County landowners were neither provided with the opportunity to formally voice their concerns and present evidence in opposition to the Ordinances nor provided an avenue for expression of public opinion with respect to adoption of the Ordinances." The court also issued an order invalidating the Ordinances.

[¶9.]     The Board appeals, arguing two issues:

1.     Whether the circuit court properly considered the validity of the Ordinances in reversing the Board's decision.

2.     Whether the circuit court erred by admitting into evidence the minutes from the 2011 Planning Commission and BCC meetings.

**Decision**

*Consideration of the Validity of the Ordinances*

[¶10.]     The Board does not contest that the Ordinances are invalid. Instead, it argues that the circuit court should not have considered this fact under its limited scope of review on certorari. The Board contends that the statutes which authorize a circuit court to resolve an appeal from a CUP "do not support an examination into the propriety of the underlying zoning ordinance."

[¶11.]     Petitions for relief under SDCL 11-2-61 are postured as writs of certiorari; thus judicial review is limited. *Jensen v. Turner Cty. Bd. of Adjustment*, 2007 S.D. 28, ¶ 4, 730 N.W.2d 411, 412-13. We do not determine whether the Board's decision was right or wrong. "Our consideration of a matter presented on certiorari is limited to whether the board of adjustment had jurisdiction over the matter and whether it pursued in a regular manner the authority conferred upon it." *Hines v. Bd. of Adjustment of City of Miller*, 2004 S.D. 13, ¶ 10, 675 N.W.2d 231, 234. "A board's actions will be sustained unless it did some act forbidden by law or

neglected to do some act required by law." *Armstrong v. Turner Cty. Bd. of Adjustment*, 2009 S.D. 81, ¶ 12, 772 N.W.2d 643, 648 (quoting *Jensen*, 2007 S.D. 28, ¶ 4, 730 N.W.2d at 413). A court has jurisdiction if it has the "power to enter upon the inquiry[.]" *Becker v. Pfeifer*, 1999 S.D. 17, ¶ 15, 588 N.W.2d 913, 918.

[¶12.]     At the time the parties submitted their briefs on appeal, we had not previously addressed a specific challenge to the *court's jurisdiction* under this limited scope of certiorai review to inquire whether a county had validly enacted its ordinances. We had, however, previously analyzed claims that an underlying ordinance was invalidly enacted in *Tibbs v. Moody Cty. Bd. of Comm'rs*, 2014 S.D. 44, ¶ 23, 851 N.W.2d 208, 216 and *Save Centennial Valley Ass'n v. Schultz*, 284 N.W.2d 452, 455-456 (S.D. 1979). But today's question was not raised in *Tibbs* or *Save Centential*.

[¶13.]     Regardless, today's issue was recently resolved in *Lake Hendricks Improvement Ass'n v. Brookings Cty. Planning & Zoning Comm'n*, 2016 S.D. 48, ¶ 28, ___ N.W.2d ___, a decision released while this case was pending. In *Lake Hendricks*, we held that an improperly enacted ordinance purporting to give a Board jurisdiction to grant CUPs gives the Board no jurisdiction. *Id.* ¶ 29.

[¶14.]     As we explained in *Lake Hendricks*, the Legislature has established the proper procedure for authorizing a body to approve CUPs and has emphasized the necessity of complying with the requirements for valid enactment of ordinances. *Id.* ¶ 28. SDCL 11-2-17.3 provides, "A county zoning ordinance *adopted pursuant to this chapter* that authorizes a conditional use of real property shall specify the approving authority[.]" (Emphasis added.) The emphasized language requires that

county zoning ordinances be enacted in compliance with the requirements of SDCL chapter 11-2. The due process requirements of SDCL chapter 11-2 "serve several important functions including: safeguarding against the arbitrary exercise of power; informing the decision makers; affording the affected landowners with the opportunity to formally voice their concerns and present evidence in opposition to opposed measures; and provide an avenue for expression of public opinion." *Schafer v. Deuel Cty. Bd. of Commr's*, 2006 S.D. 106, ¶ 13, 725 N.W.2d 241, 246. If the county does not adopt the ordinance in accordance with this chapter, the body charged with granting the CUP lacks the jurisdiction to grant a CUP.

[¶15.]       As the validity of the Ordinances determines whether the Board had jurisdiction to grant the CUP, the circuit court's consideration of the Ordinances was proper. Because the Board does not dispute that the Planning Commission failed to validly enact the Ordinances, the circuit court correctly held that the Board was without jurisdiction to grant the CUP.

[¶16.]       Although the circuit court properly considered the validity of the ordinances in resolving the challenge to the CUP, the scope of review under the certiorari standard did not give the court the power to invalidate the ordinances themselves *in this action*. This is because under SDCL 11-2-65, "[t]he court may reverse or affirm, wholly or partly, or may modify the decision brought up for review." The decision brought up for review is not the validity of the ordinances, but the Board's decision granting the CUP. Invalidating county ordinances goes beyond the relief a court may grant under SDCL 11-2-65. The circuit court's determination that the ordinance "has no force and effect" is reversed.

*Consideration of the Minutes of the Planning Commission*

[¶17.]    The Board next argues that the circuit court abused its discretion by taking judicial notice of the minutes from the Planning Commission's 2011 meetings. The minutes indicated that the Planning Commission did not hold a public hearing and did not provide public notice of its intended action. An examination of the minutes led the court to conclude that the ordinances were improperly adopted and thus invalid. SDCL 11-2-64 allows a court to take evidence "necessary for the proper disposition of the matter" at hand. Circuit courts have discretion in admitting evidence under this chapter. *Grant Cty. Concerned Citizens v. Grant County Bd. of Adjustment*, 2015 S.D. 54, ¶ 40, 866 N.W.2d, 149, 163.

[¶18.]    Petitioners argued that an examination of the minutes from the Planning Commission meetings was necessary to show that the Ordinances were invalid. We agree. The court was faced with a challenge to the Board's jurisdiction. The minutes were relevant and material evidence in making this determination. The court did not abuse its discretion by admitting the minutes into evidence.

## Conclusion

[¶19.]    The court did not err when it  inquired into the validity of the Ordinances to determine whether the Board had jurisdiction to grant a CUP. The court did not abuse its discretion by granting Petitioners' motion seeking consideration of the minutes of the 2011 Planning Commission and BCC meetings as part of this inquiry. In order to enact valid ordinances, governing bodies must comply with the requirements of SDCL 11-2. The 2011 Planning Commission failed to do so in passing the Ordinances which vested the Board of Adjustment with

jurisdiction to issue CUPs.  As the Board lacked jurisdiction to grant a CUP, we affirm the circuit court's ruling reversing the Board's decision to grant the CUP. But we reverse the court's order invalidating the Ordinances in this proceeding as the order exceeds the options available to the court pursuant to SDCL 11-2-65.

[¶20.]       GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.