#28704-a-DG
**2019 S.D. 39**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

DUANE ABATA, DONALD
BURGER, and BARRETT WENDT,                    Plaintiffs and Appellees,

v.

PENNINGTON COUNTY BOARD
OF COMMISSIONERS, and LLOYD
LACROIX, MARK DISANTO, DEB
HADCOCK, GEORGE FEREBEE, and
RON BUSKERUD, in their capacity as
members of the Pennington County
Board of Commissioners, and JULIE
PEARSON, in her capacity as the
Pennington County Auditor,                    Defendants and Appellants.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA
\* \* \* \*

THE HONORABLE JANE WIPF PFEIFLE
Judge
\* \* \* \*

MICHAEL M. HICKEY
KELSEY B. PARKER of
Bangs, McCullen, Butler,
  Foye & Simons, LLP
Rapid City, South Dakota          Attorneys for plaintiffs
                                  and appellees.


MATTHEW E. NAASZ of
Gunderson, Palmer, Nelson
  & Ashmore, LLP
Rapid City, South Dakota          Attorneys for defendants
                                  and appellants.

\* \* \* \*

CONSIDERED ON BRIEFS
ON APRIL 29, 2019
OPINION FILED **07/10/19**

#28704

GILBERTSON, Chief Justice

[¶1.]          Duane Abata, Donald Burger, and Barrett Wendt (collectively the

Citizens) brought a declaratory judgment action challenging the validity of a zoning

ordinance amendment passed by the Pennington County Board of Commissioners

(Board).  The parties filed cross-motions for summary judgment.  The circuit court

granted the Citizens' motion, finding the ordinance void for lack of compliance with

statutory notice requirements.  The Board appeals.  We affirm.[1]

## Facts and Procedural History

[¶2.]          In April 2016, the Board passed a moratorium on construction permits

for alternative energy and mining operations in Pennington County (County).  It

then formed a committee to review Section 507-B of the Pennington County Zoning

Ordinance (PCZO) regulating mining permits.  The committee compiled its work

into a proposed ordinance amendment, OA 17-02.  Notice in the three legal

newspapers of the County provided:

> NOTICE IS HEREBY GIVEN that the Pennington County
> Planning Commission and the Pennington County Board of
> Commissioners will hold a public hearing to consider the
> following proposed ordinance amendment to the Pennington
> County Zoning Ordinance adopted as an adjunct to the
> Pennington County Comprehensive Plan:

---

1.     The circuit court incorrectly held that the notice of hearing before the
       Pennington County Planning Commission for the proposed zoning
       amendment was inadequate.  However, because the notice of the hearing
       before the Board was inadequate, we affirm the circuit court's determination
       on summary judgment that the amended ordinance was void.  "[O]n appeal
       this Court will affirm the circuit court's ruling granting a motion for
       summary judgment if any basis exists to support the ruling." *Stern Oil Co. v.
       Brown, Inc.*, 2012 S.D. 56, ¶ 9, 817 N.W.2d 395, 399 (quoting *Discover Bank
       v. Stanley*, 2008 S.D. 111, ¶ 19, 757 N.W.2d 756, 762).

> OA 17-02 — Amendment to Section 103 "Definitions"; Section 205-B-17 "General Agriculture District"; Section 212-B-12 "Heavy Industrial District"; Section 507-B "Mining Permits"; and Section 511 "Fees."
>
> Said hearing will be held by the Planning Commission on Monday, December 18, 2017, at 9:00 a.m. and the Pennington County Board of Commissioners on Tuesday, January 2, 2018, at 10:30 a.m. in the Commissioners' Meeting Room at the Pennington County Administration Building, Rapid City, South Dakota. Any interested party may appear and be heard. Copies of the proposed amendments may be viewed at the Planning Department located at 130 Kansas City Street, Suite 200, Rapid City, South Dakota, during regular business hours.

Notice was published on November 29, December 6, and December 13 in the *Hill City Prevailer*; November 30, December 7, and December 14 in the *Pennington County Courant*; and December 1, December 8, and December 15 in the *Rapid City Journal*.

[¶3.] As advertised, the Pennington County Planning Commission (Commission) held a public hearing on December 18, 2017. After concerns were raised regarding OA 17-02, the Commission voted to send the amendment back to the committee and continue discussion to the January 8, 2018 Commission meeting. At the January 2 Board meeting originally noticed for public hearing, no discussion took place and the matter was placed on the consent agenda[2] indicating a continuance to the January 16 Board meeting, pending the Commission's recommendation. Yet, by January 16, debate continued before the Commission. Thus, the Board's consent agenda for its January 16 meeting noted that the matter was again delayed until February 6. Notably, throughout the discussion of OA 17-

---

2. Items on consent agendas are noncontroversial and routine. The consent agenda may be acted upon by one motion and vote of the Board.

02, hearing agendas for both the Commission and Board meetings were posted on the County website and bulletin boards 24 hours before the meetings. Meeting attendees were alerted to the dates of continued discussion, which were also recorded in meeting minutes posted on the County website.

[¶4.] At the January 8 Commission meeting, it was brought to the Commission's attention that unforeseen circumstances prevented the committee from meeting, but the committee would meet the following day. Therefore, discussion of OA 17-02 was continued until January 17. There were several hours of discussion regarding the amendment before the Commission on January 17. The commissioners then voted to continue the matter to the January 22 meeting. The Commission voted to approve OA 17-02 at the January 22 meeting.

[¶5.] With a recommendation from the Commission, the amendment was before the Board at its February 6 meeting for its first reading. Discussion continued to a February 13 special meeting. On February 13, the first reading was continued until February 20 and a special meeting was scheduled for February 23. On February 20, the first reading of OA 17-02 was approved and an additional special meeting was scheduled for February 27 for the second reading of the amendment. On February 23, a work session for OA 17-02 was held and further changes were made to the amendment. The second reading of OA 17-02 was held February 27 and the Board voted to adopt it. Notice of adoption was published once in each of the three legal newspapers in the County.

[¶6.] On March 30, 2018, the Citizens filed a complaint for declaratory relief, seeking a judgment that OA 17-02 was "invalid, ineffective, and

unenforceable because publication has not been completed" per the provisions of SDCL chapter 7-18A requiring that adopted zoning ordinances be published twice in legal county newspapers. Following the Board's answer and a stipulation to amend the complaint, Citizens filed an amended complaint on May 25, 2018. They added an additional count to their request for declaratory relief, alleging that OA 17-02 was void for "failure to comply with the statutory notice provisions for the public hearings before the Planning Commission and the County[]" pursuant to SDCL 11-2-18 and -19.

[¶7.] The parties filed cross-motions for summary judgment. On July 25, 2018, the court issued its order granting the Citizens' motion for summary judgment. The court found that SDCL chapter 11-2 controlled the amendment of zoning ordinances, and thus the County complied with requirements set forth in that chapter requiring that adoption of an ordinance amendment be published once in legal county newspapers.[3] However, the court found that OA 17-02 was void because the County failed to comply with notice and hearing requirements by not providing legal notice of each of the continued hearings. The Board appeals, raising the following issues:

1. Whether Citizens had standing to challenge OA 17-02.

2. Whether Citizens waived their objections to the notice requirements by attending hearings regarding the adoption of OA 17-02.

---

3. The circuit court found that provisions within SDCL chapter 7-18A cited by the Citizens were general, while SDCL chapter 11-2 provided the more specific, controlling law for amendments to zoning ordinances. This finding by the circuit court is not an issue in this appeal.

3.     Whether OA 17-02 is void for lack of compliance with statutory notice requirements.

## Standard of Review

[¶8.]     A grant or denial of summary judgment is reviewed de novo. *Zochert v. Protective Life Ins. Co.*, 2018 S.D. 84, ¶ 18, 921 N.W.2d 479, 486. We can affirm the circuit court for any basis which supports the court's ultimate determination. *BAC Home Loans Servicing, LP v. Trancynger*, 2014 S.D. 22, ¶ 8, 847 N.W.2d 137, 140. The facts of this case are undisputed. Thus, we examine the circuit court's legal conclusions regarding statutory interpretation with no deference to the court's decision. *Huston v. Martin*, 2018 S.D. 73, ¶ 10, 919 N.W.2d 356, 361.

## Analysis and Decision

1.     *Whether Citizens had standing to challenge OA 17-02.*

[¶9.]     The Board argues that Citizens do not have standing to bring this action, citing *Cable v. Union County Board of Commissioners*, 2009 S.D. 59, 769 N.W.2d 817.[4] *Cable* involved a challenge under SDCL 7-8-27 to a rezoning permit issued by Union County to allow for the construction of an oil refinery. *Id.* ¶ 1, 769 N.W.2d at 820. SDCL 7-8-27 provides for "appeal to the circuit court by any person aggrieved" by decisions of boards of county commissioners. We stated for appeals under SDCL 7-8-27, a plaintiff must demonstrate standing by establishing an injury in fact, a causal connection between the injury and the

---

4.     The Board raised the first two issues below, although the circuit court did not directly address them in its decision.

defendant's conduct, and that the injury could be resolved by a favorable decision. *Id.* ¶ 21, 769 N.W.2d at 825-26.

[¶10.]     We further clarified that as to the "injury in fact" element of standing, to be a person "aggrieved" under SDCL 7-8-27 requires showing that the person suffered a unique injury not suffered by the public in general. *Id.* ¶ 26, 769 N.W.2d at 827. In that case, we concluded that Cable was not a "person aggrieved" within the meaning of SDCL 7-8-27 because his injuries were not unique when compared with the injuries suffered by others living within a mile of a proposed refinery site. *Id.* ¶ 32, 769 N.W.2d at 829. Drawing upon this holding, the Board contends that Citizens have failed to establish a concrete, non-speculative injury different than the public in general.

[¶11.]     However, the statutory basis for this appeal is different than in *Cable*, and thus its analysis does not control here. Citizens have instituted a declaratory judgment action under SDCL chapter 21-24.[5] The Declaratory Judgment Act is remedial in nature and should be construed liberally, "particularly . . . when the construction of statutes dealing with zoning, taxation, voting or family relations presents matters involving the public interest in which timely relief is desirable." *Kneip v. Herseth*, 87 S.D. 642, 648, 214 N.W.2d 93, 96-97 (1974). The philosophy

_____

5.     SDCL 21-24-3 provides:

> Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

behind declaratory judgment is to "enable parties to authoritatively settle their rights in advance of any invasion thereof." *Benson v. State*, 2006 S.D. 8, ¶ 21, 710 N.W.2d 131, 141 (quoting *Kneip*, 87 S.D. at 647, 214 N.W.2d at 96). However, a court cannot be required to "speculate as to the presence of a real injury." *Boever v. S.D. Bd. of Accountancy*, 526 N.W.2d 747, 750 (S.D. 1995).

[¶12.] Thus, to establish standing in a declaratory judgment action the plaintiff must have "personally . . . suffered some actual or threatened injury as the result of the putatively illegal conduct of the defendant." *Benson*, 2006 S.D. 8, ¶ 22, 710 N.W.2d at 141 (quoting *Parsons v. S.D. Lottery Comm'n*, 504 N.W.2d 593, 595 (S.D. 1993)). Specifically, "a litigant must show: (1) an injury in fact suffered by the plaintiff, (2) a causal connection between the plaintiff's injury and the conduct of which the plaintiff complains, and (3) the likelihood that the injury will be redressed by a favorable decision." *Id.* We must determine whether the elements for establishing standing in a declaratory judgment action under *Benson* are met in this case.

[¶13.] Here, Citizens claim an actual or threatened injury resulting from a violation of their due process rights in passing a zoning ordinance affecting their property. A review of the record indicates that the Citizens reside near Perli Quarry, a mining operation owned and operated by Croell Redi-Mix. In fact, Citizens here are the same landowners we considered in *Croell Redi-Mix, Inc. v. Pennington County Board of Commissioners*, 2017 S.D. 87, 905 N.W.2d 344. In *Croell*, we determined that the landowners neighboring Perli Quarry could be

affected by mining operations by impacting water quality, creating dust, and increasing traffic. *Id*. ¶¶ 12, 15, 905 N.W.2d at 348, 349.

[¶14.]        Furthermore, in the hearings before the Board dealing with OA 17-02, the Citizens expressed a strong concern with how pre-existing mining operations, such as those at Perli Quarry, would be regulated under the zoning ordinance. Specifically, they expressed displeasure with the fact that the pre-existing operations would be "grandfathered in."[6]  In a motion to stay before the circuit court in the present action, the Citizens emphasized that due to their proximity to Perli Quarry, the mining operations there would adversely affect them by causing, among other issues, "traffic problems, health issues, environmental concerns, [and] reduced property values[.]"  Thus, Citizens have demonstrated an actual or threatened injury affecting their property if OA 17-02 was enacted in violation of Citizen's due process rights.  The alleged injury is causally connected to the way the Board provided notice of the hearings regarding OA 17-02.  Finally, a favorable holding for the Citizens would render OA 17-02 void for violation of the notice provisions within SDCL chapter 11-2, redressing the Citizens' rights to due process concerning ordinances affecting their property.  Citizens have standing to bring this action.

> 2.        *Whether Citizens waived their objections to the notice requirements by attending hearings regarding the adoption of OA 17-02.*

[¶15.]        The Board argues that "Citizens waived any argument they may have to the adequacy of notice by appearing at the public hearings and being heard."

---

6.        The hearing proceedings were available to the circuit court as videos posted on YouTube.  Several of the YouTube links were cited by the court in its decision.

Thus, it contends that any possible error in the publication process did not prejudice the Citizens.  Indeed, the Citizens and their attorneys attended and were heard at nearly every hearing held regarding OA 17-02, in addition to submitting written comments to the Board.[7]

[¶16.]       However, we have stated that statutes setting forth procedural notice requirements for enacting zoning ordinances must be strictly complied with— improperly enacted ordinances are unenforceable from inception.  *Pennington Cty. v. Moore*, 525 N.W.2d 257, 258-59 (S.D. 1994).  This is due to the strong due process interests involved because "zoning ordinances are in derogation of common-law property rights and find their authority through the state police power; accordingly, municipalities and other political subdivisions must scrupulously comply with statutory requirements, including notice and hearing, in order to provide due process of law."  *Id.* at 259 (quoting *Carter v. City of Salina*, 773 F.2d 251, 254 (10th Cir. 1985)).  In the face of noncompliance with procedures for enacting zoning ordinances, we have rejected defenses such as estoppel and public acquiescence. *Dodds v. Bickle*, 77 S.D. 54, 60-61, 85 N.W.2d 284, 287-88 (1957) (rejecting estoppel defense when city failed to give notice of hearing); *Moore*, 525 N.W.2d at 258 (rejecting acquiescence defense where challenge was brought over twenty years after initial attempts to enact ordinance where county failed to comply with mandatory notice and hearing requirements).

---

7.    It appears that the only hearing the Citizens or their attorneys did not attend was the January 22 Commission hearing.

[¶17.]     The fact that Citizens were present and heard does not inherently validate OA 17-02.  Notice requirements are set forth to provide notice to all citizens potentially impacted by the enactment, not just those who later bring legal challenges.  Here, it is the Board's burden to comply with those statutes, any violation of which renders a zoning ordinance amendment void.  Citizens have not waived their objections to alleged violations of due process.

>     3.     *Whether OA 17-02 is void for lack of compliance with statutory notice requirements.*

[¶18.]     There are two primary rules of statutory construction.  "The first rule is that the language expressed in the statute is the paramount consideration.  The second rule is that if the words and phrases in the statute have plain meaning and effect, we should simply declare their meaning and not resort to statutory construction."  *In re W. River Elec. Ass'n, Inc.,* 2004 S.D. 11, ¶ 15, 675 N.W.2d 222, 226 (quoting *Goetz v. State*, 2001 S.D. 138, ¶ 15, 636 N.W.2d 675, 681).  Only "when the language is ambiguous, unclear, or if confining ourselves to the express language would produce an absurd result" do we look beyond the express language of statutes.  *MGA Ins. Co., v. Goodsell*, 2005 S.D. 118, ¶ 17, 707 N.W.2d 483, 487.

[¶19.]     "Statutes of specific application take precedence over statutes of general application."  *Kolda v. City of Yankton*, 2014 S.D. 60, ¶ 18, 852 N.W.2d 425, 431 (quoting *In re Estate of Hamilton*, 2012 S.D. 34, ¶ 12, 814 N.W.2d 141, 144).  Additionally, "[w]e are guided by the principle that a court should construe multiple statutes covering the same subject matter in such a way as to give effect to all of the statutes if possible."  *Schafer v. Deuel Cty. Bd. of Comm'rs*, 2006 S.D. 106, ¶ 10, 725 N.W.2d 241, 245.

[¶20.]    In reaching its determination that OA 17-02 was void, the circuit court relied upon the provisions of SDCL 11-2-18 and -19. SDCL 11-2-18 provides:

> The planning commission shall hold at least one public hearing on the respective comprehensive plan, zoning ordinance, or subdivision ordinance. Notice of the time and place of the *hearings* shall be given once at least ten days in advance by publication in a legal newspaper of the county. Following the public hearing, the planning commission shall submit its recommendation to the board.

(Emphasis added.) SDCL 11-2-19 provides:

> After receiving the recommendation of the planning commission the board shall hold at least one public hearing on the respective comprehensive plan, zoning ordinance, or subdivision ordinance. Notice of the time and place of the *hearings* shall be given once at least ten days in advance by publication in a legal newspaper of the county.

(Emphasis added.) The circuit court noted the plural "hearings" present in both SDCL 11-2-18 and -19, finding that because both statutes contemplated multiple hearings, legal notice of each continued hearing date was required by SDCL 11-2-18 and -19. Because there was no legal notice of the continued hearing dates, the circuit court found OA 17-02 void.

[¶21.]    The Board argues that the statutes that specifically govern notice procedures for zoning ordinance amendments are SDCL 11-2-29 and -30. SDCL 11-2-29 provides:

> The planning commission shall hold at least one public hearing on any proposed change or modification to the plan or ordinances. Notice of the time and place of the *hearing* shall be given once at least ten days in advance by publication in a legal newspaper of the county. At the public hearing, any person may appear and request or protest the requested change.

(Emphasis added.) SDCL 11-2-30 provides:

> After the hearing, the board shall by resolution or ordinance, as appropriate, either adopt or reject the amendment, supplement, change, modification, or repeal, with or without changes. Consideration of any changes to the proposed amendment, supplement, change, modification, or repeal may only be done if the time and place of the *hearing* is published at least ten days in advance in a legal newspaper of the county. If adopted, the board shall publish a notice of the fact of adoption once in a legal newspaper of the county and take effect on the twentieth day after publication. The provisions of § 11-2-22 are applicable to this section.

(Emphasis added.) The Board contends that SDCL 11-2-29 and -30 "require only a single hearing before the Commission and Board on any proposed amendment and at least ten days' notice of the hearing published in a legal newspaper of the county."

[¶22.] In reply, Citizens cite SDCL 11-2-28, which states, in part, that:

> The plan, ordinances, restrictions, and boundaries adopted pursuant to this chapter may be amended, supplemented, changed, modified, or repealed by action of the board. *Any such modification or repeal shall be proposed in a resolution or ordinance, as appropriate, presented to the board for adoption in the same manner and upon the same notice as required for the adoption of the original resolution or ordinance.*

(Emphasis added.) They argue that because legal notice of "hearings" are required when enacting a zoning ordinance, the same principle applies to zoning ordinance amendments and legal notice is required before each continued hearing.

[¶23.] Here, the meaning of the statutes is clear and we need not examine anything beyond the express language of the statutes. *See Goetz*, 2001 S.D. 138, ¶ 15, 636 N.W.2d at 681. SDCL 11-2-29 and -30 specifically control notice procedures for hearings on zoning ordinance amendments. The language of SDCL 11-2-29 plainly requires one "hearing" before the planning commission, for which

there must be legal notice. SDCL 11-2-30 also mandates legal notice before the one required "hearing" before a county board. There is no language indicating new notice is required for "each" or "every" hearing held regarding a zoning ordinance amendment because the statutes only require one hearing.

[¶24.]     However, we must address the fact that SDCL 11-2-28 mandates that notice requirements must be the same for passing both initial enactments and later amendments. Interpreting the statutes together to give full effect to their provisions indicates the reason behind the differing uses of the word "hearing" and "hearings" present in the cited statutes. Both SDCL 11-2-18 and -19 require "one public hearing on the *respective* comprehensive plan, zoning ordinance, or subdivision ordinance." (Emphasis added.) "Respective" means "[r]elating to two or more persons or things regarded individually; particular." *The American Heritage College Dictionary* 1162 (3d ed. 1997). Thus, one hearing is statutorily required in each of these *individual* enactments. In this regard, the use of the plural "hearings" in the notice provisions of SDCL 11-2-18 and -19 suggests a reference to each of the three types of matters addressed in the statutes; it does not set out a requirement that legal notice is required before continued hearings. Rather, legal notice is required before a hearing in each of the matters considered in SDCL 11-2-18, -19, -29 and -30.

[¶25.]     Reading the statutes in this manner fulfills the due process requirements of SDCL chapter 11-2 by "affording the affected landowners with the opportunity to formally voice their concerns and present evidence in opposition to opposed measures; and provide an avenue for expression of public opinion." *Wedel*

*v. Beadle Cty. Comm'n*, 2016 S.D. 59, ¶ 14, 884 N.W.2d 755, 759 (quoting *Schafer*, 2006 S.D. 106, ¶ 13, 725 N.W.2d at 246). Interested persons will have full legal notice of the hearing regarding the zoning ordinance amendment and will be given the opportunity to attend the hearing and voice their opinion. Because only one hearing is required by statute before each governmental body, those who do not attend the advertised hearing risk not having their voices heard.

[¶26.] But, through the County's practice of publicizing the continued hearing dates by announcing the continuance, recording the continuance in the meeting minutes, and posting the agenda 24 hours before the continued hearing, interested persons will be able to attend the continued hearing to have an even greater opportunity to voice their concerns.[8] Allowing the Commission and the Board flexibility to continue hearings without the burden of providing legal notice for each continued hearing allows for greater public debate over contentious issues such as OA 17-02. Requiring legal notice for each continued hearing would significantly extend the amount of time to resolve controversial issues to ensure legal notice is provided at least ten days before each hearing. As such, officials may feel disinclined to continue hearings if they had to publish notice of each hearing, which would have the effect of suppressing the time allotted to the expression of public opinion.

[¶27.] We conclude the notice provided for the Commission meeting on December 18 was proper as it was "given once at least ten days in advance by

---

8. These practices are, in part, required by South Dakota's open meeting laws set forth in SDCL 1-25-1.1.

publication in a legal newspaper of the county[]" per SDCL 11-2-29. The notice properly informed citizens of the date and place of the hearing. The circuit court erred in finding OA 17-02 void for lack of notice on the basis that the continued Commission hearings were not legally noticed.

[¶28.]        However, the notice for the Board hearing on OA 17-02 was inadequate. The legal notice advertised the Board's discussion of the amendment as taking place on January 2, 2018. Yet, the Board did not consider OA 17-02 until February 6. The Board argues that there was proper legal notice of the February 6 hearing because consent agenda items, although intended to be acted upon quickly by one vote, may be removed from the agenda by a member of the public for discussion. This means, according to the Board, that anyone appearing at the January 2 hearing "could have removed the item from the consent agenda and provided public comment." However, the agendas of the January 2 and 16 Board meetings expressly indicated that consideration of OA 17-02 would be delayed. Such procedure does not fulfill the notice requirements of SDCL 11-2-30 because the date of the hearing where the matter was formally considered and given full opportunity for public comment—February 6—was never advertised in a legal newspaper.

[¶29.]        The Board "may only" consider changes "to the proposed amendment . . . if the time and place of the hearing is published at least ten days in advance in a legal newspaper of the county." *Id*. Practically speaking, advertising a date for a hearing and then delaying discussion does not fulfill the requirements of due process as it becomes increasingly difficult for those interested in the matter

#28704

to determine the date of the hearing at which discussion will occur. Nor does such a practice comply with the plain language of SDCL 11-2-30 requiring that consideration "may only" take place after published legal notice of the time and place of the hearing. Thus, the publications in November and December 2017 failed to provide the legally required notice of the February 6, 2018 hearing. This failure to comply with SDCL 11-2-30 renders OA 17-02 void and the circuit court's ruling is affirmed.

## Conclusion

[¶30.]     Citizens have standing to challenge the validity of OA 17-02 and did not waive their objections to statutory notice requirements. Legal notice was proper as to the Commission's consideration of OA 17-02, but insufficient as to the Board. OA 17-02 is, therefore, void.

[¶31.]     JENSEN and SALTER, Justices, and COMER, Circuit Court Judge, concur.

[¶32.]     COMER, Circuit Court Judge, sitting for KERN, Justice, disqualified.

[¶33.]     WILBUR, Retired Justice, concurs in part and concurs in result in part.

WILBUR, Retired Justice (concurring in part and concurring in result in part).

[¶34.]     I agree that Citizens have standing. However, on issue 3, I write specially on why OA 17-02 was invalidly enacted. In my view, it is necessary to distinguish between actions of the Planning Commission and actions of the Board.

Indeed, the Legislature enacted separate statutes in setting forth the notice requirements of boards and commissions within SDCL chapter 11-2.

[¶35.]    SDCL 11-2-28 states, in part, that:

> The plan, ordinances, restrictions, and boundaries adopted pursuant to this chapter may be amended, supplemented, changed, modified, or repealed by action of *the board*. Any such modification or repeal shall be proposed in a resolution or ordinance, as appropriate, presented to the board for adoption in the same manner and upon the same notice as required for the adoption of the original resolution or ordinance.

(Emphasis added.) This statute does not apply because the Board did not take action to amend the ordinance; action commenced with the Planning Commission.

[¶36.]    Under SDCL 11-2-29:

> The *planning commission* shall hold at least one public hearing on any proposed change or modification to the plan or ordinances. Notice of the time and place of the hearing shall be given once at least ten days in advance by publication in a legal newspaper of the county. At the public hearing, any person may appear and request or protest the requested change.

(Emphasis added.) Here, the Planning Commission held at least one hearing and gave notice of the time and place of that hearing; thus, notice was adequate.

[¶37.]    After the Planning Commission held its final hearing related to OA 17-2 and voted to approve it, the proposed amendment was before the Board for adoption. Under SDCL 11-2-30, the Board was required to "by resolution or ordinance, as appropriate, either adopt or reject the amendment, supplement, change, modification, or repeal, with or without changes." However, if the Board were to consider "any changes to the proposed amendment," SDCL 11-2-30 requires that it "only be done if the time and place of the hearing is published at least ten days in advance in a legal newspaper of the county." Because, here, the Board

#28704

changed the proposed amendment without giving notice prior to considering the changes, I agree with the conference opinion that "[l]egal notice was proper as to the Commission's consideration of OA 17-02, but insufficient as to the Board."